IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-193-RLV
(5:05-CR-00024-RLV-1)

| RICKEY GENE SLADE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 Motion will be DISMISSED.

## I. BACKGROUND

On June 30, 2006, Petitioner was convicted of conspiracy to commit the following offenses against the United States: mail fraud, wire fraud, bribery of a federal program, affecting commerce through extortion, use of mails to promote bribery and promotion of money laundering, all in violation of 18 U.S.C. § 371 (Count One). Petitioner was also convicted of frauds and swindles and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 3146 & 18 U.S.C. § 2 (Count Two). Petitioner was sentenced to 60-months' imprisonment for conviction of each count with the terms to be served consecutively for a total term of 120-months' imprisonment. (5:05-CR-00024, Doc. No. 7: Judgment in a Criminal Case at 1-2).

Petitioner did not file a direct appeal from his criminal judgment and it therefore became

1

final in July 2006.

On June 8, 2007, Petitioner filed a Section 2255 motion conceding his guilt but raising general challenges to his trial counsel's performance as it related to the calculation of his sentence. (5:07-CV-00057, Doc. No. 1). The Court entered an Order rejecting each of Petitioner's claims and upholding his criminal judgment in its entirety. (Doc. No. 12). Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 15). On February 24, 2011, the Fourth Circuit entered an Order dismissing Petitioner's appeal after finding that he had failed to meet the showing required for a certificate of appealability. United States v. Slade, 419 F. App'x 377 (4th Cir. Feb. 24, 2011) (unpublished). The Supreme Court of the United States denied his petition for a writ of certiorari on October 3, 2011. Slade v. United States, 132 S. Ct. 347 (2011).

Next, Petitioner filed a motion with the Fourth Circuit, pursuant to 28 U.S.C. § 2244, for an order authorizing this Court to consider the merits of a second or successive Section 2255 motion. On September 12, 2012, the Fourth Circuit entered an Order denying Petitioner's Section 2244 motion. (5:05-CR-00024, Doc. No. 19).

On December 15, 2012, Petitioner, whether mindful of the Fourth Circuit's Order dismissing his application to file a successive motion or not, nevertheless filed a second, or successive petition with this Court seeking relief under Section 2255. Petitioner again raises claims of ineffective assistance of his trial counsel. (5:12-CV-193, Doc. No. 1).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in

2

Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization, in fact, the record demonstrates that his effort to obtain such authorization was denied by the Fourth Circuit. This Court is therefore without jurisdiction to consider a second, or successive petition under Section 2255.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel is **DENIED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a

debatably valid claim of the denial of a constitutional right).

Signed: December 12, 2012

Richard L. Voorhees
United States District Judge